**Mauricio Vicente MARTINEZ–CRUZ, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 07–74132.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 2009.

Filed June 30, 2009.

John Bennett, Esquire, Amarillo, TX, for Petitioner.

Mauricio Vicente Martinez–Cruz, pro se.

Kathryn DeAngelis, DOJ–U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel De-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

partment of Homeland Security, San Francisco, CA, for Respondent. ·

Before: GOULD and RAWLINSON, Circuit Judges, and BEISTLINE,* District Judge.

## MEMORANDUM **

Mauricio Vicente Martinez–Cruz petitions for review of a Board of Immigration Appeals (BIA) decision dismissing his appeal from the Immigration Judge's (IJ) denial of his request to terminate removal proceedings. Martinez–Cruz contends that he obtained derivative citizenship under 8 U.S.C. § 1432(a)(3), now repealed.[1] We conclude that Martinez–Cruz did not establish that he had derivative citizenship by a preponderance of the evidence, and we deny the petition. *See* 8 C.F.R. § 341.2(c).

Martinez–Cruz argues that he is entitled to relief because the IJ incorrectly applied a clear and convincing evidence standard. However, because "the BIA conduct[ed] a de novo review of the record" and did not expressly adopt the IJ's decision, "our review is limited to the decision of the BIA." *Scales v. INS*, 232 F.3d 1159, 1162 (9th Cir.2000). We reject petitioner's argument about the clear and convincing evidence standard applied by the IJ. The record does not indicate that the BIA applied any incorrect standard or burden of proof.

To prevail on his derivative citizenship claim, Martinez–Cruz must show by a pre- ponderance of the evidence that "there has been a legal separation of the [biological] parents." 8 U.S.C. § 1432(a)(3). We conclude that a legal separation has not been shown. The record contains no evidence that Martinez–Cruz's biological parents were ever married under either California or El Salvador law. Because Martinez–Cruz has not established that his parents had married, he cannot show that they legally separated, and his derivative citizenship claim fails. *See Barthelemy v. Ashcroft*, 329 F.3d 1062, 1065 (9th Cir. 2003).

## PETITION DENIED.

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Pedro ALEJANDRE–ALCARAZ,
Defendant–Appellant.**

No. 08–50064.

United States Court of Appeals,
Ninth Circuit.

---

* The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. The statute was repealed by the Child Citizenship Act of 2000 ("CCA"), P.L. 106–395.

Submitted June 16, 2009.*

Filed June 30, 2009.

Andrew George Schopler, Esquire, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Timothy Robert Garrison, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

---

*See Minasyan v. Gonzales,* 401 F.3d 1069, 1076 n. 11 (9th Cir.2005). The parties agree that the repeal does not affect this case.

